**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 13, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LANCE JAMES TALBOT,

    Defendant - Appellant.

No. 23-8025
(D.C. No. 2:22-CR-00116-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is submitted to us on remand from the United States Supreme Court. Lance James Talbot was charged with being a felon unlawfully in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the charge, arguing § 922(g) was unconstitutional, both facially and as applied, under *New York*

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). After the district court denied Talbot's motion, he entered a conditional plea of guilty, Fed. R. Crim. P. 11(a)(2), specifically preserving his right to appeal the denial of his motion to dismiss. On appeal to this court, Talbot conceded his claims of error were foreclosed by this court's then-recent decision in *Vincent v. Garland ("Vincent I")*, 80 F.4th 1197, 1202 (10th Cir. 2023), but raised the claim for preservation purposes "pending further developments within the Tenth Circuit or at the Supreme Court." *United States v. Talbot*, No. 23-8025, 2024 WL 2013910, at *1 (10th Cir. May 7, 2024). This court acknowledged Talbot "preserved the issue in the hope of further review." *Id.* (quotation omitted). Nevertheless, because his claim of error was foreclosed by *Vincent I*, this court affirmed the district court's judgment. *Id.*

Thereafter, the Supreme Court vacated *Vincent I* and remanded the matter for reconsideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *Vincent v. Garland ("Vincent II")*, 144 S. Ct. 2708, 2708-09 (2024) (mem.). The Court likewise vacated this court's decision in Talbot's appeal and remanded for reconsideration in light of *Rahimi*. *Talbot v. United States*, 24-5258, 2024 WL 4654945, at *1 (Nov. 4, 2024) (mem.). On February 11, 2025, this court issued a revised opinion on remand. *Vincent v. Bondi ("Vincent III")*, No. 21-4121, 2025 WL 453999, at *1-2 (10th Cir. Feb. 11, 2025). *Vincent III* "readopt[ed]" *Vincent I* and affirmed that § 922(g)(1) is constitutional whether or not the underlying felony leading to disenfranchisement is violent. *Id.* at *2.

2

Given all this, this court stands in the same position as when it previously resolved Talbot's appeal: the decision in *Vincent III* forecloses Talbot's facial and as-applied challenges to § 922(g). Thus, the district court's judgment must be affirmed. Nevertheless, we again acknowledge Talbot has preserved these issues in the hope of further developments in either this court or the Supreme Court.

The judgment of the United States District Court for the District of Wyoming is hereby **AFFIRMED**.

Entered for the Court

Michael R. Murphy
Circuit Judge